UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:19-CR-00035-JRW

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| VS. | |
| JOHN L. LONG | DEFENDANT |

### REPORT AND RECOMMENDATION

Before the Court is Defendant John L. Long's ("Long") Emergency Motion for Immediate Release Due to Coronavirus. (DN 31). The United States has responded in opposition (DN 33), and the time for Long to reply has expired. The District Court referred this Motion, pursuant to 28 U.S.C. § 636(b)(1)(A), to the undersigned United States Magistrate Judge. (DN 32). For the following reasons, the Court recommends Long's Motion be **denied.**

### I. BACKGROUND

On February 20, 2019, a grand jury indicted Long for one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (DN 1). The Indictment provides that Long was previously convicted of the underlying felonies of burglary in the second degree and theft by unlawful taking in 2003 and escape in the second degree in 2013. (*Id.*).

On October 9, 2019, the undersigned held a detention hearing, where she heard arguments of the parties, the nature of the charges pending against Long, Long's criminal history, and the recommendation of the United States Probation Office. (DN 12). Following the hearing, the undersigned detained Long based on his prior criminal history, participation in criminal activity while on probation, parole, or supervision, history or violence or use of weapons, prior failure to

appear in court as ordered, prior attempts to evade law enforcement, and prior violations of probation, parole, or supervised release. (DN 13, at pp. 2-3). The undersigned found "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community[,]" and "[b]y a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." (*Id.* at p. 2).

Three months after Long was detained, he entered into a plea agreement with the United States. (DN 21). On January 15, 2019, this Court entered an order accepting Long's plea of guilty and remanding him to the custody of the United States' Marshal pending sentencing. (DN 24). Long's sentencing was scheduled for April 16, 2020. (*Id.* at p. 2). Eventually Long's sentencing was rescheduled for July 6, 2020 consistent with General Order 20-02 and 20-03 and in light of the COVID-19 pandemic. (*See* DN 29; DN 30).

Long has filed the instant motion styled as "Emergency Motion for Immediate Release Due to Coronavirus Diagnosis." (DN 31).

## II. ANALYSIS

Long's Motion for immediate release argues that the recent pandemic related to COVID-19 serves as grounds for a "temporary release" from his pretrial detention under 18 U.S.C. § 3142(i). He asserts that at the time of filing, at least one inmate and one guard at the Grayson County Detention Center ("GCDC"), where he is detained, have tested positive for COVID-19. Long reasons that the conditions of confinement create the "ideal environment" for the spread of Coronavirus because local detention facilities "lack the resources necessary to engage in screening and testing of inmates." (*Id.* at pp. 5,7).

The United States responds that Long has not demonstrated a compelling reason for release

and has failed to rebut the undersigned's previous determination that he is a flight risk and a danger to the community. (DN 33). As for conditions at GCDC, the United States explains that the following steps have been implemented to prevent the spread of the virus:

1. All employees and inmates are monitored for symptoms of respiratory infection (including temperature testing for all employees);

2. All new inmates are screened by medical personnel for signs of respiratory infection and appropriate infection prevention practices are implemented;

3. Visits by non-essential personnel (programs, mentors, religious services, etc.) are suspended;

4. Inmate visitation suspended;

5. Attorney/client meetings are being held by video conference or "through the glass" meetings;

6. "Clean teams" have been designated and provided personal protective equipment and supplies to frequently disinfect high traffic areas;

7. Hand sanitizer stations have been established and remain fully stocked;

8. Individuals who may become symptomatic will be isolated;

9. Quarantine cells were used for all new intakes keeping federal inmates and county inmates separate;

10. Provided cloth masks to all employees and required them to be worn;

11. Stopped providing all in-house programming; and

12. Implemented a program of rotating schedules for employees in order eliminate foot traffic in the facility.

(*Id.* at pp. 4-5). If Long's request for release is taken to its logical conclusion, the United States argues, all prisoners would be released, which is "patently ridiculous." (*Id.* at p. 6).

First, Long only cites to 18 U.S.C. § 3142, which governs release or detention pending trial. But Long is no longer on pretrial detention because he entered a formal guilty plea before the District Judge and is now awaiting sentencing. Long is, therefore, detained under 18 U.S.C. §

3143, which governs release or detention of a defendant pending sentencing. Section 3143 requires that pending the imposition of a sentence, "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or community if released . . . ." 18 U.S.C. § 3143(a). "Release is no longer favored once guilt of a crime has been established." *United States v. Bowman*, No. 96-3845, 1996 WL 571135, at *1 (6th Cir. Oct. 3, 1996) (*citing United States v. Vance*, 851 F.2d 166, 170 (6th Cir), cert. denied 488 U.S. 893, 109 S. Ct. 231, 102 L. Ed. 2d 220 (1988)). Section 3143(a)(1) creates a presumption against release which the defendant must overcome. *Id.*; *Vance,* 851 F.2d at 170 (Defendant bears the burden of overcoming the presumption of detention).

Review of a § 3143 detention order presents under § 3145(c). The standard is whether the defendant has "clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. 3145(c). There has been some debate over whether § 3145(c) authorizes a district court to consider a challenge to detention pending sentencing or whether the matter must be addressed by the court of appeals. In *United States v. Smith*, District Judge Van Tatenhove explored this question at length and concluded that "Congress grants authority to find 'exceptional reasons' only to appellate courts." 593 F. Supp. 2d 948, 957 (E.D. Ky. 2009). Not long after issuing *Smith*, however, Judge Van Tatenhove reversed course because "[i]n cursory fashion, the Sixth Circuit has rejected this interpretation of §3154(c) and concluded that district courts are authorized to perform exceptional reasons analysis." *United States v. Christman*, 712 F. Supp. 651, 653 (E.D. Ky. 2010) (citing *United States v. Christman*, 596 F.3d 870 (6th Cir. 2010)); *see also United States v. Varney*, No. 7:12-CR-9-ART-HAI-1, 2013 WL 2406256, at *1 (E.D. Ky.

May 31, 2013) (noting that the Sixth Circuit authorized district courts in *Christman* to consider whether "exceptional reasons" exist to support release pending sentencing.).

Long's argument does not establish an "exceptional reason" establishing the necessity of his release under § 3143. This Court is keenly aware of the COVID-19 pandemic and takes this issue seriously. Courts in this Circuit have been "mindful of, and sensitive to, the 'unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents.'" *United States v. Isaacs,* No. 1:19-CR-37, 2020 WL 1695155, at *3 (S.D. Ohio Apr. 7, 2020) (citation omitted). Generally, courts have been hesitant to consider temporary release based "solely on generalized COVID-19 fears and speculation." *United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *2 (S.D. Ohio Mar. 30, 2020). But as concerning as this pandemic is, Long does not provide the Court with any rebuttal of the undersigned's initial assessment leading to his detention or District Judge Walker's order of detention following his guilty plea. *See e.g., United States v. Josh Gregory Taylor*, --- F.Supp.3d ----, No. 5:19-CR-192-KKC-MAS, 2020 WL 1501997, at *4-5 (E.D. Ky. Mar. 26, 2020) (rejecting the defendant's speculative argument that the dangerous nature of the COVID-19 pandemic supersedes those risks showcased by a BRA analysis).

Nothing regarding the undersigned's considerations of Long's prior criminal history, participation in criminal activity while on probation, parole, or supervision, history or violence or use of weapons, prior failure to appear in court as ordered, prior attempts to evade law enforcement, and prior violations of probation, parole, or supervised release has changed. Long has not identified any circumstance that does not apply to every other defendant currently in custody awaiting sentencing. Long does not indicate he is in poor health or falls into the class of high-risk individuals suggested by the Centers for Disease Control or World Health Organization. And, as noted above, release is not favored once a defendant pleads guilty. *See United States v.*

*Bowman*, No. 96-3845, 1996 WL 571135, at *1 (6th Cir. Oct. 3, 1996).

Nor does Long make a strong case that the detention centers are incapable of safely preventing, containing, and treating the virus in their facilities. As the United States has indicated, GCDC has implemented steps to combat the spread of the virus throughout the facility. And while the Court recognizes that GCDC is now dealing with several inmates and guards testing positive, the Court does not find this alone establishes exceptional circumstances warranting his release while he awaits sentencing.

### III. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that Long's Emergency Motion for Immediate Release (DN 31) be **DENIED**.

Regina S. Edwards, Magistrate Judge
United States District Court

June 26, 2020

### NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Crim.P. 59(b)(2), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. Fed.R.Civ.P. 59(b)(2). If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 474 U.S. 140, 150-51, 106 S. Ct. 466, 88 L.Ed.2d 435 (1985).

Copies:      Counsel of Record